# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

## No. 17-2018
_____

In re:  SHAPAT AHDAWAN NABAYA, a/k/a Norman Abbott,

　　　　Petitioner.

_____

On Petition for Writ of Mandamus.

_____

Submitted:  September 1, 2017 　　　　　　　Decided:  September 1, 2017

_____

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

_____

Petition dismissed by unpublished per curiam opinion.

_____

Shapat Ahdawan Nabaya, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case comes before the court on a petition for writ of mandamus filed by Shapat Nabaya under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). The CVRA affords to victims of crime the rights to reasonable protection from the accused, to notice of court proceedings, to participation in court proceedings, to confer with government counsel, to receive restitution, to proceedings free from unreasonable delay, and to be treated with fairness. 18 U.S.C. § 3771(a). These rights must be asserted in the district court and, if the district court denies relief, the movant may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771(d)(3). If such a petition is filed, "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed." *Id.* If the court of appeals denies the relief sought, "the reasons for the denial shall be clearly stated on the record in a written opinion." *Id.*

Petitioner maintains that he is entitled to relief under the CVRA as a result of ongoing criminal proceedings in the Eastern District of Virginia. He complains that the government attorneys have not taken proper oaths of office, that failure to file taxes is not a crime, that his pretrial detention violates due process and constitutes cruel and unusual punishment, and that the district court has failed to take action to protect his rights.

Petitioner is not a crime victim under the CVRA. He was indicted on January 1, 2017 by a grand jury. A superseding indictment in the Eastern District of Virginia was filed on April 4, 2017, charging Nabaya with (1) retaliating against a federal officer by

2

false claim and (2) false statement in bankruptcy. In proceedings held on August 18, 2017 in the district court, Nabaya was found competent to stand trial and trial was set for October 18-20, 2017. Nabaya's pending motions were denied. In proceedings held on August 25, 2017, the magistrate judge revoked Nabaya's conditions of release for cause. Nabaya's motion to reconsider the revocation is pending in the district court.

The CVRA defines a "crime victim" as a "person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). Nabaya clearly does not come within the statutory definition. The CVRA also provides that "[a] person accused of the crime may not obtain any form of relief under this chapter." 18 U.S.C. § 3771(d)(l).

Accordingly, the court dismisses the petition for writ of mandamus.

PETITION DISMISSED